CASA JAIME CORPORATION, Plaintiff and Appellee, v. FELÍCITA CASTRO, Defendant and Appellant.

No. CE-62-25.      Decided December 20, 1963.

*Alfredo Álvarez Linares* for appellant.. *Gaspar Encarnación Santana* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On May 13, 1958, Felícita Castro, appellant herein, purchased from Casa Jaime, appellee herein, a sewing machine for the sum of $325 under a conditional sales contract. Alleging that appellant had not paid certain monthly installments under the contract amounting to $85, the appellee filed a proceeding for repossession of personal property in the District Court of Puerto Rico, San Juan Part. Appellant appeared before that court alleging on the contrary that, notwithstanding Casa Jaime had assured her that the sewing machine was brand new, it had delivered to her a reconstructed and used machine that she could not devote to current use causing her damages worth $2,500, recovery of which she was seeking. That Part of the District Court found proved that the machine object of the contract was useless and it had to be repaired 15 times during the year of guarantee, thereby extending the problems and inconveniences for more than one year. That the vendor knew the vices and defects of the thing sold and that appellee had caused damages to the appellant. It rendered judgment declaring the contract rescinded, ordering appellee to return to appellant the sum of $240 which she had paid under the contract, plus $500 for damages and $150 for attorney's fees.

The appellee appealed to the Superior Court of Puerto Rico, San Juan Part, which reversed the judgment of the District Court on the following ground: "The sewing machine was attached on December 16, 1959. It was in possession of defendant [appellant herein] since May 13, 1958 [date of the contract], or one year, seven months and three days. Until the filing date of the action [December 1, 1959] defendant had not requested rescission of the contract. The action prescribed six months after delivery of the thing sold."

We do not agree with the conclusion of the Superior Court of Puerto Rico that in all cases the action prescribes automatically at the end of six months, counted from the delivery of the thing sold. Section 1379 of our Civil Code —31 L.P.R.A. § 3847, p. 287—covers those contracts in which there is no period of guarantee for free repairs at the vendor's expense. Furthermore, the evidence showed that the claims and answers of the parties—the problems and inconveniences referred to in the trial court's conclusion— extended for more than one year. In his comments on § 1490 of the Spanish Civil Code from which our § 1379 was taken, Manresa says that: "Applying to these actions the general doctrines of the Civil Code on the manner of counting the installments in extinctive prescription, the Supreme Court [Spain] has held that the constant claims and answers of the interested parties bar prescription (Judgment of June 7, 1909), and, therefore, the six months' period provided by § 1490 must be counted, not from the day the contract was perfected, but from the day the steps to come to an understanding following the contract were interrupted (Judgment of June 11, 1926)." 10 Manresa, *Comentarios al Código Civil Español* 265 (Reus, 5th ed. 1950).

For the reasons stated, the judgment rendered by the Superior Court of Puerto Rico, San Juan Part (on appeal), on September 7, 1962, will be reversed and the judgment

rendered on October 13, 1961, by the District Court of Puerto Rico, San Juan Part, will be affirmed.